STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 12-2-17 Vtec

| Andreen CU Permit |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal ZBA Conditional Use (12-2-17 Vtec)

Title:        Motion to Dismiss (Motion 1)
Filer:        Lynne M. Andreen
Attorney:     Pro Se
Filed Date:   March 27, 2017

Response filed on 04/10/2017 by Attorney Lisa B. Shelkrot for Appellant Stratton Corporation
        Opposition
Response filed on 04/21/2017 by Lynne M. Andreen, Appellee
        Reply

This is an appeal from a decision by the Town of Winhall Zoning Board of Adjustment (ZBA) granting a conditional use permit to Lynne Andreen[1] to operate a bed and breakfast. The decision was appealed by a group of neighbors[2], and subsequently cross-appealed by Stratton Corporation (Stratton). Now before the Court is Ms. Andreen's motion to dismiss Stratton.

Ms. Andreen is self-represented, and Stratton is represented by Lisa B. Shelkrot, Esq. The neighbors, who are represented by Hans G. Huessy, Esq., have not submitted any filings in response to the motion.

We review motions to dismiss for lack of standing or party status, and lack of subject matter jurisdiction more generally, under Vermont Rule of Civil Procedure 12(b)(1).[3] In re Killington Village Master Plan Act 250 Application Appeal, No. 147-10-13, slip op. at 7–8 (Vt. Super. Ct. Envtl. Div. Aug. 6, 2014) (Durkin, J.). Under Rule 12(b)(1) we accept as true all uncontroverted factual allegations made by the non-moving party (here, Stratton), and construe those factual allegations in the light most favorable to the non-moving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. Where the parties' factual assertions are at odds with each other,

---

[1] Lynne Andreen is listed on the ZBA decision as the owner and applicant, and the decision lists Ms. Andreen, David Lyon, and Jeremy Dworkin as "representing the applicant(s)."

[2] Larry and Kim Wohler, Nancy Pritchard, and D.W. Porto.

[3] We have explained that "'party status' is a designation used when new parties seek to join an action initiated by another, but 'standing' is the proper analysis when parties wish to appeal, or their right to do so is being challenged." Verizon Wireless Barton Act 250 Permit Telecommunications Facility, No. 6-1-09 Vtec, slip op. at 1 n.1 (Vt. Envtl. Ct. Feb. 2, 2010) (Durkin, J.) (citations omitted). While party status and standing are technically different, the analysis on a motion to dismiss is similar, if not identical. In re JLD Properties of St. Albans, LLC, Nos. 129-5-06 Vtec, 242-10-06 Vtec, 92-5-07 Vtec, 221-10-07 Vtec, 80-4-08 Vtec, 116-6-08 Vtec slip op. at 29 (Vt. Envtl. Ct. Jan. 20, 2016) (Durkin, J.).

as is the case with some of the facts offered by the parties here, we may look beyond the moving party's factual assertions and consider the factual assertions, and other evidence offered, more broadly. 5B C. Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Civ. § 1350 (3d ed.).

Ms. Andreen's motion argues that Stratton is not an "interested person," and did not "participate" in the hearing before the ZBA, as those terms are defined in relevant statutes. As such, she contends, Stratton does not have standing to appeal or status to participate in this proceeding. The motion argues that Stratton is attempting to have the Court enforce a restrictive covenant contained in Ms. Andreen's deed, a matter over which the Environmental Division does not have jurisdiction.

A decision by a ZBA, as here, may be appealed to the Environmental Division by an "interested person" who "participated" in the proceeding before the ZBA. 24 V.S.A. § 4471(a); 10 V.S.A. § 8504(b). The relevant statute defines those who may qualify as interested persons, including:

> A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

24 V.S.A. § 4465(b)(3). "Participation" is defined as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." Id. § 4471(a).

Ms. Andreen asserts that Stratton attended the ZBA hearing to have the ZBA enforce a restrictive covenant which limits the use of her property. Ms. Andreen argues that because the focus of Stratton's involvement was to enforce the covenant, a matter over which the ZBA has no authority, Stratton did not "participate" because it offered nothing "related to the subject of the proceeding." Ms. Andreen further argues that Stratton fails to qualify as an interested person under § 4465(b)(3) because Stratton's closest property is a quarter of a mile away from the house to be used as the bed and breakfast.

Stratton counters that it submitted a letter to the ZBA and sent representatives to the ZBA hearing to argue that the proposed use would negatively impact the character of the area. Stratton argues that it presented the covenant, which limits development or use on Ms. Andreen's property, and the surrounding properties, to a single-family dwelling, as evidence that the character of the area is residential—not, as Ms. Andreen alleges, to enforce the covenant. Stratton alleges that its representatives also made further argument at the hearing about the residential character of the area.

Stratton also argues that it is an interested person under 24 V.S.A. § 4465(b)(3) because it owns property in the immediate neighborhood of Ms. Andreen's property, and because of its legal interest in Ms. Andreen's property through the covenant. Stratton asserts that the proposed use would impact its interest as a property owner and party to the covenant by negatively affecting the residential character of the area. Stratton notes that impact on the character of the area is one of the criteria reviewed in conditional use determinations.

Turning first to participation, we conclude for the limited scope of this motion that Stratton did participate in the ZBA proceeding. The parties agree that representatives of Stratton were present at the ZBA hearing and advanced Stratton's position at that hearing. Stratton also alleges that it sent a letter to the ZBA opposing the permit application. There is some dispute as

2

to whether Stratton's effort was to enforce the covenant, or to demonstrate the residential character of the area. The covenant, however, appears to be relevant to whether the character of the area is residential, and is therefore related to the subject of the proceeding. Furthermore, simply by expressing its opposition to the project by letter and at the hearing, Stratton participated for purposes of the statute.

We next consider the "immediate neighborhood" question. Because the statute expressly limits interested person status to those who "<u>own or occupy</u> property in the immediate neighborhood," 24 V.S.A. § 4465(b)(3) (emphasis added), we reject Stratton's suggestion that it might have status under this statute because it has a legal interest in Ms. Andreen's property through the restrictive covenant as private property rights are beyond our limited and specific jurisdiction. We therefore limit our analysis to whether Stratton owns or occupies property in the immediate neighborhood of Ms. Andreen.

There is no statutory definition of "immediate neighborhood" for the purposes of § 4465(b)(3). We therefore determine whether a party is in the immediate neighborhood of a proposed use on a case-by-case basis by considering "the physical environment surrounding the project and the nexus between the project, the potential party, and the potential" party's property. <u>Two Bad Cats, LLC Conditional Use</u>, No. 169-12-14 Vtec, slip op. at 3 (Vt. Super Ct. Envtl. Div. May 29, 2015) (Walsh, J.) *aff'd*. <u>In re Two Bad Cats LLC Conditional Use Permit</u>, No. 2015-238 (Vt. Nov. 19, 2015) (citations omitted). This analysis takes into account the distance between the two properties, but we do not resolve the question on distance alone. <u>Id</u>. Other factors include the physical characteristics of the landscape between the two properties and the similarities or differences between the areas in which the properties are located. <u>Two Bad Cats</u>, No. 2015-238 at 2 (Vt. Nov. 19, 2015) (unpublished mem.); <u>Bostwick Rd.</u>, No. 2006-128 at 3–4 (Vt. Jan. 1, 2007) (unpublished mem.).

Our analysis ultimately focuses on "whether the [appellant] potentially could be affected by any of the aspects of the project which have been preserved for review on appeal." <u>In re McCullough Crushing Inc., Amended CU 2013</u>, No 179-10-10 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. June 27, 2013) (Walsh, J.) (citation omitted). For this reason, to defeat a motion to dismiss for lack of party status under § 4465(b)(3), the appellant "must offer sufficient facts to establish a reasonable possibility that a particularized interest protected by a specific [zoning regulation] may be affected." <u>Orlandi Act 250 Kennel Permit</u>, No. 71-5-14 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Feb. 13, 2015) (Durkin, J.); see also <u>In re UVM Certificate of Appropriateness</u>, No. 90-7-14 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Feb. 26, 2013) (Walsh, J.) (requiring a party to make out facts "sufficient to establish a non-speculative demonstration, or reasonable possibility, of a physical or environmental impact under criteria that must be reviewed for" the proposed use).

We conclude, based on the information presented to the Court, that for the purposes of this motion, Stratton owns property in the immediate neighborhood of the proposed project. Ms. Andreen acknowledges that Stratton owns property within a quarter mile of her house. Stratton submitted a map allegedly showing the properties covered by the covenant, including Ms. Andreen's. The map appears to show a sizeable area with what appear to be many residential parcels (a hand-written note on the map reads: "new purchase in Stratton 94 acres"). Taking the covenant and map as evidence that the area has a residential character, there is at least a reasonable possibility that if one property breaks from that residential character, other properties within a quarter mile, and possibly more distant properties, could be negatively impacted. Furthermore, character of the area appears to be an interest protected by the zoning

regulations that must be taken into consideration for this conditional use permit, and which is preserved for appeal by the appellants' statements of questions.

Because Stratton owns or occupies property in the immediate neighborhood of the proposed project, and participated in the proceedings before the ZBA, Ms. Andreen's motion to dismiss is **DENIED**. We note again that this ruling is limited to the motion now before us. What the character of the area is, and whether and how appellants may be affected by the proposed use, remain issues for the Court to determine at trial.

Electronically signed on June 26, 2017 at 02:02 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Lisa B. Shelkrot (ERN 2441), Attorney for Appellant Stratton Corporation
Hans G. Huessy (ERN 1813), Attorney for Additional Appellants Larry Wohler, Kim Wohler, Nancy Prichard, D.W. Porto
Appellee Lynne M. Andreen
Appellee David E. Lyon
John D. Stasny (ERN N/A), Attorney for Interested Person Town of Winhall